# UNITED STATES DISTRICT COURT

# DISTRICT OF NEVADA

|  |  |
|---|---|
| Janell Lynn Khamvongsa, | Case No. 2:25-cv-01745-JAD-DJA |
| Plaintiff, |  |
| v. | **Order Adopting Report and Recommendation to Deny without Prejudice Defendants' Motion to Dismiss** |
| Extra Space Storage, Isabella Reyes, |  |
| Defendants. | ECF Nos. 14, 20 |

**On 3/3/26, the magistrate judge entered this report and recommendation [ECF No. 20]:**

Pro se Plaintiff Janell Lynn Sebring aka Janell Lynn Khamvongsa filed an application to proceed *in forma pauperis* (meaning, without paying the filing fee). (ECF No. 6). However, Plaintiff's application is missing certain information. The Court thus denies Plaintiff's application without prejudice.

Defendants Extra Space Storage and Isabella Reyes have appeared in this action through counsel and have moved to dismiss Plaintiff's complaint for lack of subject matter jurisdiction, for lack of personal jurisdiction, and for failure to state a claim upon which relief can be granted. (ECF No. 14). However, because Plaintiff has not yet paid the filing fee or successfully applied to proceed *in forma pauperis*, she has not properly initiated her case. So, Defendants' motion to dismiss is premature and the Court therefore recommends[1] denying it without prejudice.

## I. Discussion.

Under 28 U.S.C. § 1915(a)(1), a plaintiff may bring a civil action "without prepayment of fees or security therefor" if the plaintiff submits a financial affidavit that demonstrates the plaintiff "is unable to pay such fees or give security therefor." The Ninth Circuit has recognized that "there is no formula set forth by statute, regulation, or case law to determine when someone

---

[1] The undersigned magistrate judge recommends denying this motion under 28 U.S.C. § 636(b)(1)(A).

is poor enough to earn [*in forma pauperis*] status." *Escobedo v. Applebees*, 787 F.3d 1226, 1235 (9th Cir. 2015). An applicant need not be destitute to qualify for a waiver of costs and fees, but he must demonstrate that because of his poverty he cannot pay those costs and still provide himself with the necessities of life. *Adkins v. E.I DuPont de Nemours & Co.*, 335 U.S. 331, 339 (1948).

The applicant's affidavit must state the facts regarding the individual's poverty "with some particularity, definiteness and certainty." *United States v. McQuade*, 647 F.2d 938, 940 (9th Cir. 1981) (citation omitted). If an individual is unable or unwilling to verify his or her poverty, district courts have the discretion to make a factual inquiry into a plaintiff's financial status and to deny a request to proceed *in forma pauperis*. *See, e.g.*, *Marin v. Hahn*, 271 Fed.Appx. 578 (9th Cir. 2008) (finding that the district court did not abuse its discretion by denying the plaintiff's request to proceed *in forma pauperis* because he "failed to verify his poverty adequately"). "Such affidavit must include a complete statement of the plaintiff's personal assets." *Harper v. San Diego City Admin. Bldg.*, No. 16-cv-00768 AJB (BLM), 2016 U.S. Dist. LEXIS 192145, at *1 (S.D. Cal. June 9, 2016). Misrepresentation of assets is sufficient grounds for denying an *in forma pauperis* application. *Cf. Kennedy v. Huibregtse*, 831 F.3d 441, 443-44 (7th Cir. 2016) (affirming dismissal with prejudice after litigant misrepresented assets on *in forma pauperis* application).

On her application, Plaintiff claims to be unemployed and to make no money from any source in response to question 1 by writing "N/A," in the box for identifying each income source. Plaintiff leaves portions of question 2 blank. That question asks for Plaintiff to list her employment history. Plaintiff writes that she was last employed in "10/23" but does not list her employer, her employer's address, the dates of her employment, or her gross monthly pay. In response to question 4, Plaintiff claims to have no cash and leaves the remainder of the question blank, which question asks for Plaintiff to state any money she has in bank accounts or other financial institutions. In response to questions 5, 6, 7, and 8, Plaintiff both leaves some questions blank and responds with "N/A" to others, thereby claiming to have no assets, no persons owing her money, no persons who rely on her for support, and to have no bills.

Given Plaintiff's answers, she claims to make no money and have no bills.  On the docket, Plaintiff includes an address.  The Court takes judicial notice of the fact that public records reveal the address is a home.  Plaintiff does not provide any details in the application regarding how she pays rent or a mortgage, how she pays utilities or other bills, or how she lives considering her claim to have no bills.

The Court finds that Plaintiff has omitted information from the application.  As a result, the Court cannot determine whether Plaintiff qualifies for *in forma pauperis* status.  The Court will give Plaintiff one last opportunity to file a complete *in forma pauperis* application.  The Court further orders that Plaintiff may not respond with a zero or "not applicable" in response to any question without providing an explanation for each of the questions.  Plaintiff also may not leave any questions blank.  Plaintiff must describe each source of money that she receives, state the amount she received, and what she expects to receive in the future.

The Court denies Plaintiff's *in forma pauperis* application without prejudice.  The Court gives Plaintiff 30 days to file an updated application.  Plaintiff must fully answer all applicable questions and check all applicable boxes.  Plaintiff may alternatively pay the filing fee in full.

Because the Court denies Plaintiff's application, it does not screen the complaint at this time.  The Court further recommends denying Defendants' motion to dismiss Plaintiff's complaint as premature because Plaintiff has not properly initiated this case by paying the filing fee or applying to proceed without it.  The Court recommends that this denial be without prejudice to Defendants again moving to dismiss Plaintiff's complaint in the event she initiates her case by paying the filing fee.  If Plaintiff initiates her case by successfully moving to proceed without paying the filing fee, the Court will then *sua sponte* screen Plaintiff's complaint and determine which claims will proceed.  *See* 28 U.S.C. § 1915(e)(2)(B).

///

///

///

IT IS THEREFORE ORDERED that Plaintiff's application to proceed *in forma pauperis* (ECF No. 6) is denied without prejudice.

IT IS FURTHER ORDERED that Plaintiff has until April 2, 2026, to file an updated and complete application to proceed *in forma pauperis* as specified in this order or pay the filing fee. Failure to comply with this order may result in a recommendation to the district judge that this case be dismissed.

IT IS FURTHER ORDERED that the Clerk of Court is kindly directed to send Plaintiff a copy of this order and of the Short Form application to proceed *in forma pauperis* and its instructions.[2]

## RECOMMENDATION

**IT IS THEREFORE RECOMMENDED** that Defendants' motion to dismiss (ECF No. 14) be **denied without prejudice.**

## ORDER ADOPTING REPORT AND RECOMMENDATION

The deadline for any party to object to this recommendation has passed, and no party filed anything or asked to extend the deadline to do so.  "[N]o review is required of a magistrate judge's report and recommendation unless objections are filed." *United States v. Reyna-Tapia*, 328 F.3d 1114, 1121 (9th Cir. 2003).  Having reviewed the report and recommendation, I find good cause to adopt it, and I do.  IT IS THEREFORE ORDERED that the Magistrate Judge's Report and Recommendation **[ECF No.  20] is ADOPTED** in its entirety, and **Defendants' Motion to Dismiss [ECF No. 14] is DENIED without prejudice** to their ability to refile the motion either (1) within 20 days of the plaintiff paying the full filing fee or (2) if she is granted leave to proceed *in forma pauperis*, once the court screens her complaint and orders the defendants to answer or otherwise respond.

_____
U.S. District Judge Jennifer A. Dorsey
Dated: March 19, 2026